UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARELLEN CARTER,

        Plaintiff,                    No. 18-13824

v.                                  District Judge Gershwin A. Drain
                                  Magistrate Judge R. Steven Whalen

CITY OF FERNDALE, ET AL.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On December 10, 2018, Plaintiff Starellen Carter filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging violations of the due process clause and of 42 U.S.C. § 12203. On the same date, she filed an application for leave to proceed without prepaying fees or costs [Doc. #2], which has been granted by separate order.

On December 14, 2018, I ordered Plaintiff to file a more definite statement, stating, "W]ithin 21 days of the date of this Order, Ms. Carter must file with the Court a written statement of specifically what each Defendant did to violate her federal rights, and when they did it. Her failure to do so may result in the dismissal of her complaint." To date, she has not complied with my order.

For the reasons discussed below, I recommend that the Court *sua sponte* dismiss Plaintiff's complaint under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

## I.   FACTS

Ms. Carter's complaint centers on tickets she received from the City of Ferndale based on allegations that she had unlicensed dogs.  Attached to her complaint are exhibits purporting to show that her dog "Chico" was licensed in 2011 and 2012.

Ms. Carter goes on to state that she appeared in Ferndale district court three times. She does not state any dates that she appeared, nor does she indicate the date that she received the tickets. It appears from the complaint that she pled guilty or responsible to the tickets and paid a fine.  She also states that on some unnamed date she received a parking ticket.

## II.   DISCUSSION

Where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37 (1974) (patently frivolous case divests the district court of jurisdiction).  A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As I noted in my order for a more definite statement [Doc. #5], "Fed.R.Civ.P. 8(a)

requires that a pleading "shall contain...a short and plain statement of the grounds upon

which the court's jurisdiction depends...[and] a short and plain statement of the claim

showing that the pleader is entitled to relief."  Absent diversity of citizenship (which does

not exist in this case), original jurisdiction requires federal question jurisdiction.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A federal court has original

jurisdiction over a federal question when the civil action 'arises under' the Constitution,

laws, or treaties of the United States. 28 U.S.C. § 1331." *Archer v. Arms Technology,*

*Inc*., 72 F.Supp. 2d 784, 786 (E.D. Mich. 1999). "[F]ederal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar Inc*., 482 U.S. at 392.

Plaintiff's complaint does not indicate any federal right that was violated by any

Defendant, and has thus shown no basis for federal jurisdiction.  She was given the

opportunity to provide a more definite statement as to the basis for federal jurisdiction,

but failed to do so. This is a local ordinance case, and Plaintiff's remedy, if any, lies in the

state court system.

### III.   CONCLUSION

I recommend that the Court *sua sponte* dismiss Plaintiff's complaint under

Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

Any objections to this  Report and Recommendation must be filed  within fourteen

(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

-3-

Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 11, 2019

-4-

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of the foregoing document was sent to parties of record on January 11, 2019, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager to the
Honorable R. Steven Whalen
